THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA ANDROSKI, : | |
| : | |
| **Plaintiff** : | |
| V. : | 3:CV-22-1424 |
| : | (JUDGE MARIANI) |
| CREDIT CONTROL, LLC, : | |
| : | |
| **Defendant** : | |

## ORDER

**IT IS HEREBY ORDERED THAT:**

1. A Case Management Conference will be conducted by the Court on **Thursday, February 9, 2023 at 11:20 a.m.** In the interest of economy, the Court prefers to hold these conferences by telephone. The placement of the telephone conference call is the responsibility of the plaintiff(s). The telephone number of the Court is (570) 207-5750.

2. The purpose of this Case Management Conference is to discuss all aspects of this case, including any pending motions, as well as a schedule for (a) the completion of discovery, (b) amendment of pleadings, (c) joinder of parties, (d) filing of motions, (e) counsel's compliance with the disclosure requirements of Rule 7.1 of the Federal Rules of Civil Procedure; and (f) trial. Presently, joinder of third-party defendants is governed by Local Rules 14.1 and 14.2; amendment of pleadings and supplemental pleadings by Fed.R.Civ.P. 15; the filing of pretrial motions by Local Rule 7.1; and the closing of discovery by Local Rule 26.4. Unless modified at the Case Management Conference, these rules will continue to apply. The subjects for consideration at the Case Management Conference will also include those matters set forth in Fed.R.Civ.P. 16(b) and (c), in addition to the following:

(a) Whether, during discovery, the parties will exchange documents in digital format; whether there are any issues as to the format to be used, including whether meta data will be requested, and whether there are any issues as to the alteration of documents that may routinely occur when paper documents are converted to digital format.

(b) Whether the parties contemplate the use of any photographs in digital format and whether there are any issues as to how and when digital alteration of photos is to be disclosed.

(c) Whether the parties plan to create and exchange video in digital format, as well as the arrangements for the synchronization of the audio and video of any videotaped depositions in digital format that may be shown at trial.

(d) Whether there are any issues as to the discovery of digital materials other than those identified in subparagraphs (a) through (c) above (such as database), and whether the parties have agreed on ground rules for the routine business practices that affect the retention of these digital materials.

3. It is required that, prior to the Case Management Conference, the parties, at a minimum, will have complied with the disclosure requirements of Fed.R.Civ.P. 26(a) so that a reasonable discussion of the merits may take place during the Case Management Conference, as necessary.

4. In accordance with Fed.R.Civ.P. 26(f) and Local Rule 16.3, lead counsel for each party shall, as soon as practicable and in any event at least five (5) days prior to the Case Management Conference, meet and discuss in good faith the matters set forth on the Joint Case Management Plan, a copy of which is included in the Local Rules of Court and may be obtained from the Clerk's Office. **The completed Joint Case Management Plan must be filed at least three (3) business days prior to the Case Management Conference.** Sanctions may be imposed if a party or a party's attorney fails to participate in good faith in the conference required by Fed.R.Civ.P. 26(f) and Local Rule 16.3(a). See e.g., Fed.R.Civ.P.

37(g)

5. If the parties agree to refer this matter to a Magistrate Judge for pretrial and trial purposes, they should notify the Court in writing no later than three (3) days before the scheduled Case Management Conference, and the conference will be cancelled. The case will then be referred to a Magistrate Judge who will re-schedule the Case Management Conference.

6. In accordance with Fed.R.Civ.P. 16(c) and Local Rule 16.2, at least one of the attorneys for each party participating in the Case Management Conference shall be familiar with the case; shall have authority to enter into stipulations and to make admissions regarding all matters that the parties reasonably anticipate may be discussed; and shall have complete settlement authority. If an attorney does not have complete settlement authority, the party or person with full settlement authority shall be available by telephone. Counsel is responsible for notifying the person with settlement authority of the requirements of Local Rule 16.2, as well as the date of the Case Management Conference.

7. It is the affirmative duty of both counsel and the Court to avoid undue cost or delay in litigation. Counsel should be familiar with the Expense and Delay Reduction Plan adopted by the United States District Court for the Middle District of Pennsylvania, and are expected to comport themselves in a manner intended to secure the just, speedy and inexpensive determination of this action.

8. The Court has implemented an "Electronic Case Filing (ECF)" system. This system enables counsel to file and docket pleadings, motions, briefs, etc. directly from their offices via the internet. Information on the Court's ECF system can be obtained at the Court's website, www.pamd.uscourts.gov. Counsel are directed to familiarize themselves with the Court's ECF system. Effective September 3, 2003, counsel may be required to show cause why they should not be required to file documents through the ECF system. Use of the system may be discussed at the Case Management Conference.

9. Please note that the preferred way of submitting correspondence to this Court is to file all correspondence through the Electronic Case Filing System.

Robert D. Mariani
United States District Judge

Date: February 2, 2023