Attorneys for Plaintiff:

   Brett Freeman: Bar Number PA 308834
   FREEMAN LAW
   210 Montage Mountain Road
   Moosic, PA 18507
   Phone (570) 589-0010
   Facsimile (570) 456-5955
   Email brett@freeman.law

Attorneys for Defendant:

   Brendan H. Little: Bar Number PA 317322
   LIPPES MATHIAS LLP
   50 Fountain Plaza, Suite 1700
   Buffalo, NY 14202
   Phone 716-853-5100
   Facsimile 716-853-5199
   Email blittle@lippes.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jessica Androski,<br>          Plaintiff,<br>v.<br><br>Credit Control, LLC,<br>          Defendant. | Docket 3:22-cv-01424-RDM<br><br>(Judge Robert D. Mariani)<br><br>FILED ELECTRONICALLY |

**PROPOSED JOINT CASE MANAGEMENT PLAN**

    Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

    1.1     Separately for each party, please give a statement summarizing this case:

By Plaintiff:

Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act"), which regulates the relationship between a debt collector and a consumer. Specifically, Defendant provided information about to the third-party letter vendor about Plaintiff, including: Plaintiff's name, address, status as a debtor, the precise amount of the alleged debt, and the entity to which Plaintiff allegedly owed the debt.

By Defendant:

Defendant denies that a debt collector's use of a third party vendor to facilitate written communication to Plaintiff violates the Fair Debt Collection Practices Act.

    1.2     The facts the parties <u>dispute</u> are as follows:

All remaining facts.

<u>agree</u> upon are as follows:

1.3    The legal issues the parties <u>dispute</u> are as follows:

All remaining legal issues.

<u>agree</u> upon are as follows:

On or about September 6, 2021, Defendant used a third-party letter vendor to mail a collection letter to Plaintiff.

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5    Identify any named parties that have not yet been served:

None.

1.6    Identify any additional parties that:

plaintiff(s) intends to join:  None.

defendant(s) intends to join: None.

1.7    Identify any additional claims that:

plaintiff(s) intends to add:  None.

defendant(s) intends to add: None.

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Jessica Androski</u> | Plaintiff |

Disclosed by <u>Defendant Credit Control, LLC</u>**:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Susan Taylor | Corporate Designee |

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|

**4.0   Discovery**

    4.1   Briefly describe any discovery that has been completed or is in progress:

        By Plaintiff(s):  Plaintiff will serve disclosures under Rule 26(a)(1) and written discovery requests.

       By Defendant(s):  Defendant will serve disclosures under Rule 26(a)(1) and written discovery requests

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

       Depositions of the authorized representative of Defendant and Plaintiff and written discovery regarding the claims at issue.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

       None.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

       None.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1   depositions (excluding experts) to be taken by:

       Plaintiff(s):  **10**    Defendant(s):  **10**

    4.5.2   interrogatories to be served by:

        Plaintiff(s):  **25**     Defendant(s): **25**

    4.5.3   document production requests to be served by:

        Plaintiff(s):  **40**     Defendant(s):  **40**

    4.5.4   requests for admission to be served by:

        Plaintiff(s):  **40**     Defendant(s):  **40**

4.6   Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

>The parties have agreed to reasonably exchange e-discovery
>
>information, and that the information will be exchanged in native
>
>format and PDF format.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0   Protective Order

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

>No protective order is sought at this time.

5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0  Scheduling**

6.1  Final date for joining additional parties:

April 28, 2023  Plaintiff(s)

April 28, 2023  Defendant(s)

6.2  Final date for amending pleadings:

April 28, 2023  Plaintiff(s)

April 28, 2023  Defendant(s)

6.3  All fact discovery commenced in time to be completed by:

December 29, 2023

6.4  All potentially dispositive motions should be filed by:

May 31, 2023

6.5  Reports from retained experts due:

from plaintiff(s) by January 26, 2024

from defendant(s) by February 23, 2024

6.6  Supplementations due March 31, 2024

6.7  All expert discovery commenced in time to be completed by April 28, 2024

6.8  This case may be appropriate for trial in approximately:

\_  240 Days from the filing of the action in this court

      <u> X </u>    365 Days from the filing of the action in this court
      <u>   </u>    Days from the filing of the action in this court

6.9    Suggested date for the final Pretrial Conference:

      <u>June 2024</u>  (month/year)

6.10   Trial

    6.10.1 Suggested Date for the Trial:

      <u>July 2024</u> (month/year)

## 7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

    <u>Jessica Androski</u>
    Name

    <u>Plaintiff</u>
    Title

    <u>240 Freed Street</u>
    <u>Sugar Notch, PA 18706</u>
    Address

    <u>(570) 574-9404</u>  Daytime Telephone

For Defendant <u>Credit Control, LLC</u>**:**

    <u>Susan Taylor</u>
    <u>Director of Litigation Management</u>

## 8.0   Alternative Dispute Resolution ("ADR")

8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: Mediation. At the mediation, each party's counsel and Plaintiff will appear in-person. Additionally, an officer of Defendant who has the full authority to settle the case on any terms will also appear in-person.

Date ADR to be commenced: One week after close of discovery.

Date ADR to be completed: Three weeks after close of discovery.

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
___ Y   _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___   Scranton/Wilkes-Barre

___   Harrisburg

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.1 LR 16.3(a) modification – The parties agree that the following information contained in this form shall be deemed admissions of each party for all purposes during this action.

    10.1.1    The factual statements in paragraph 1.2 following the heading "that the parties <u>agree</u> upon".

    10.1.2    The legal contentions in paragraph 1.3 following the heading "that the parties <u>agree</u> upon".

10.2 Modifications from Discovery Rules:

    10.2.1    Before noticing any deposition, counsel shall contact all counsel of record to determine mutually convenient times, dates and locations. If opposing counsel has not provided this information within 48 hours of request, the deposition may be noticed unilaterally. The officer at a video deposition may be an employee of a party's attorney.

    10.2.2    Depositions shall be conducted in accordance with the guidelines for discovery depositions set forth in *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 531-32 (E.D. Pa. 1993). At any time during a deposition,

counsel for the party conducting the deposition may state that all objections shall be reserved until trial, in which event:

(a) any attorney defending the deposition shall refrain from making any further objections of any nature;

(b) notwithstanding Fed.R.Civ.P. 32(d)(3), no objection shall be deemed waived; and

(c) the attorney defending the deposition retains the right under Fed.R.Civ.P. 30 (c)(2) to instruct a deponent not to answer to preserve a privilege, enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

**11.0   Identification of Lead Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

For Plaintiff:

Brett Freeman

FREEMAN LAW
210 Montage Mountain Road
Moosic, PA 18507
(570) 589-0010

For Defendant:

Brendan H. Little
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
Phone 716-853-5100

DATED: 2/3/2023     *s/ Brett Freeman*
                                Attorney(s) for Plaintiff(s)
                                ☒ ECF User(s)
                                ☐ Waiver requested (as separate document)
                                ☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
                                Brett Freeman
                                Bar Number PA 308834
                                FREEMAN LAW
                                210 Montage Mountain Road
                                Moosic, PA 18507
                                Phone (570) 589-0010
                                Facsimile (570) 456-5955
                                Email brett@freeman.law

DATED: 2/3/2023     *Brendan H. Little (with consent)*
                                Attorney(s) for Defendant(s)
                                ☒ ECF User(s)
                                ☐ Waiver requested (as separate document)
                                ☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*
                                Brendan H. Little: Bar Number
                                LIPPES MATHIAS LLP
                                50 Fountain Plaza, Suite 1700
                                Buffalo, NY 14202
                                Phone 716-853-5100
                                Facsimile  716-853-5199
                                blittle@lippes.com

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.